**Klintworth & Rozenblat IP LLP**
Bob Reynolds (CA Bar No. 347068)
2045 W. Grand Ave., Ste B PMB 84396
Chicago, IL 60612
773-770-2554
773-570-3328 (facsimile)
Email: rreynolds@kandrip.com

Attorney for Defendant TIFFANY HO

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GREAT BOWERY INC. d/b/a TRUNK ARCHIVE<br><br>Plaintiff,<br>vs.<br>DELUXE BEAUTE BEVERLY MEDICAL SPA, A PROFESSIONAL CORPORATION d/b/a DELUXE COSMETIC CENTER; CHERYL CHEN, individually, KEVIN DO, individually, TIFFANY HO, individually; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:24-cv-1334<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TIFFANY HO TO COMPLAINT** |

Defendant, TIFFANY HO, by and through her undersigned counsel answers the complaint of Plaintiff, GREAT BOWERY INC d/b/a TRUNK ARCHIVE as follows:

## **NATURE OF THE ACTION**

1. Defendant HO admits that the Copyright Act of the United States, 17 U.S.C. § 101 *et seq* governs this action..

# PARTIES

2.     Defendant HO is without knowledge or information sufficient to form a belief as to Plaintiff Great Bowery Inc., d/b/a Trunk Archive's ("Trunk Archive") corporate status, state of incorporation, or principal place of business. Accordingly, Defendant denies the claims in this paragraph.

3.     Defendant HO is without knowledge or information sufficient to form a belief as to Defendant Deluxe Beaute Beverly Medical Spa's ("Deluxe Cosmetic") corporate status, state of incorporation, or principal place of business. Accordingly, Defendant denies the claims in this paragraph.

4.     Defendant HO is without knowledge or information sufficient to form a belief as to Defendant Cherly Chen's ("Chen") state of residence, relationship to other Defendants in this action, or her relationship with Deluxe Cosmetic. Accordingly, Defendant denies the claims in this paragraph.

5.     Defendant HO is without knowledge or information sufficient to form a belief as to Defendant Kevin Do's ("Do") state of residence, relationship to other Defendants in this action, or her relationship with Deluxe Cosmetic. Accordingly, Defendant denies the claims in this paragraph.

6.     Defendant HO admits that she is an individual resident of the State of California, doing business in California through her limited liability company, TiffuDesign LLC, CA Secretary of State File No. 202123210894. However, Defendant HO denies that she is "the graphic designer for Deluxe Medical Spa." Defendant HO assumes that Plaintiff had intended to designate Deluxe Cosmetic instead of "Deluxe Medical Spa." Defendant HO is without knowledge or information sufficient to form a belief as to Deluxe Cosmetic's other sources of graphic design services, and accordingly denies the same.

7.      Defendant HO is without knowledge or information sufficient to form a belief as to the identities of DOES 1 through 10, or Plaintiff's claim for knowledge or belief regarding the same. The remainder of this paragraph are forward-looking aspirations of Plaintiff, to which no response is required. To the extent that any response is required, Defendant HO denies all claims in this paragraph.

8.      The allegations in this paragraph consist entirely of definitions and attempts by Plaintiff to involve unnamed and unserved third parties to this Complaint, and thus no response is required. To the extent that any response is required, Defendant HO denies all claims in this paragraph.

## JURISDICTION AND VENUE

9.      Defendant HO admits the allegations of this paragraph.

10.     Defendant HO is without knowledge or information sufficient to form a belief as to this Court's exercise of personal jurisdiction over any other Defendant. To the extent that the claims in this paragraph apply exclusively to Defendant HO, she admits them.

11.     Defendant HO is without knowledge of information sufficient to form a belief as to the propriety of this venue over any other Defendant. To the extent that the claims of this paragraph apply exclusively to Defendant HO, she admits them.

## FACTUAL ALLEGATIONS

12.     Defendant HO is without knowledge or information sufficient to form a belief as to the services offered by Plaintiff, its workers, its contractors, or its station among its peers. Accordingly, Defendant HO denies the claims in this paragraph.

13. Defendant HO is without knowledge or information sufficient to form a belief as to Plaintiff's number of contractors, their contractor's prominence, or Plaintiff's ability to license imagery. Accordingly, Defendant HO denies the claims in this paragraph.

14. Defendant HO is without knowledge or information sufficient to form a belief regarding Michelle Monique's ("Monique") prominence, her relationship with Plaintiff, or her location or citizenship. Accordingly, Defendant HO denies the claims in this paragraph.

15. Defendant HO is without knowledge or information sufficient to form a belief as to Monique's level of success, her corporate status, her relationship with Plaintiff or other third parties, or her specialties. The remaining allegations in this paragraph are mere self-serving puffery. Accordingly, Defendant HO denies the claims in this paragraph.

16. Defendant HO is without knowledge or information sufficient to form a belief as to Monique's business model, past clients, or scope of past work. Accordingly, Defendant HO denies the claims in this paragraph.

17. Defendant HO is without knowledge or information sufficient to form a belief as to Monique's sources of income or livelihood. The remaining claims in this paragraph are non-falsifiable speculation or consist entirely of legal conclusions, and either cannot be responded to or require no response. Accordingly, Defendant HO denies all claims in this paragraph.

18. Defendant HO is without knowledge or information sufficient to form a belief as to the origins in authorship or license of an untitled work described in this paragraph. Accordingly, Defendant HO denies the claims in this paragraph.

19. Defendant HO admits that Exhibit A to Plaintiff's complaint contains a photograph.

20. The claims in this paragraph purport to summarize the contents of a government document, which was not included with Plaintiff's complaint. Accordingly, Defendant HO denies the claims in this paragraph.

21. Defendant HO is without knowledge or information sufficient to form a belief as to the contractual relationship between Plaintiff and Monique regarding the untitled photograph. Accordingly, Defendant HO denies the claims in this paragraph.

22. Defendant HO is without knowledge or information sufficient to form a belief as to the ownership of the domain www.deluxecosmeticcenter.com ("Deluxe Website"). Accordingly, Defendant HO denies the claims in this paragraph.

23. Defendant HO admits the allegations in this paragraph.

24. Defendant HO is without knowledge or information sufficient to form a belief as to the ownership and operation of an Instagram page which is no longer in existence, or to the contents therein at an unspecified point in the past identified by Plaintiff. Accordingly, Defendant HO denies the claims in this paragraph.

25. Defendant HO cannot independently verify the claims in this paragraph, as the website indicated therein is no longer in existence. Accordingly, Defendant HO denies the same.

26. Defendant HO admits that the Instagram service is generally accessible to persons worldwide, however, Defendant HO is without knowledge or information sufficient to form a belief as to the actual availability of a non-existent webpage to "the general public throughout California, the United States, and the world." Accordingly, Defendant HO denies the allegations in this paragraph.

27. Defendant HO is without knowledge or information sufficient to form a belief as to Defendant Deluxe Cosmetic's sources for content on its website aside from those provided by her

business, the purposes to which those are put, or Defendant Deluxe Cosmetic's motivations in doing so. Accordingly, Defendant HO denies the claims in this paragraph.

28. Defendant HO is without knowledge or information sufficient to form a belief as to Defendant Chen's relationship to Deluxe Cosmetic, a removed Instagram page, and the Deluxe Website. Defendant HO has no access to these assets or the corporate records of Defendant Deluxe Cosmetic or Defendant Chen. Accordingly, Defendant HO denies the claims in this paragraph.

29. Defendant HO is without knowledge or information sufficient to form a belief as to Defendant Do's relationship to Deluxe Cosmetic, a removed Instagram page, and the Deluxe Website. Defendant HO has no access to these assets or the corporate records of Defendant Deluxe Cosmetic or Defendant Chen. Accordingly, Defendant HO denies the claims in this paragraph.

30. Defendant HO denies the allegations in this paragraph. Defendant HO admits that her LLC, TiffuDesign LLC, contracted with Defendant Deluxe Cosmetic for the provision of graphic design services. However, Defendant HO is without knowledge or information sufficient to form a belief as to Defendant Deluxe Cosmetic's other sources of graphic design services. Accordingly, Defendant HO denies all allegations in this paragraph.

31. Defendant HO denies the allegations of this paragraph. Defendant HO's LLC was contracted to provide certain graphic design templates to Defendant Deluxe Cosmetic, with ultimate control of all content therein residing exclusively with Defendant Deluxe Cosmetic.

32. Defendant HO is without knowledge or information sufficient to form a belief as to the date or circumstances surrounding Monique's claim to knowledge in this paragraph, the contents of a deleted Instagram post. Accordingly, Defendant HO denies the same.

33. Defendant HO cannot independently verify the claims in this paragraph, as the website indicated therein is no longer in existence. Accordingly, Defendant HO denies the same.

34. Defendant HO denies the claims in this paragraph.

35. Defendant HO denies the claims in this paragraph.

36. Defendant HO denies the claims in this paragraph.

37. Defendant HO is without knowledge or information sufficient to form a belief as to the state of mind of third persons in this paragraph. It is unclear from the plain language of this paragraph whose state of mind is being summarized and what forms the basis for Plaintiff's information and belief. Accordingly, Defendant HO denies the claims in this paragraph.

38. Defendant HO is without knowledge or information sufficient to form a belief as to the state of mind of third persons in this paragraph. It is unclear from the plain language of this paragraph whose state of mind is being summarized and what forms the basis for Plaintiff's information and belief. Accordingly, Defendant HO denies the claims in this paragraph.

39. Defendant HO is without knowledge or information sufficient to form a belief as to the originality and uniqueness of the unnamed Monique photograph, other Defendant's states of mind and motivations, the nature and scope of any "monetary gain and market benefit" alleged by Plaintiff, and what forms the basis for Plaintiff's information and belief. Accordingly, Defendant HO denies the claims in this paragraph.

40. Defendant HO denies the allegations in this paragraph.

41. Defendant HO denies the allegations in this paragraph. Defendant HO admits she was given a copy of a certain demand letter from attorney for Plaintiffs, signed by Mathew K. Higbee, dated October 22, 2022, attached hereto as **Exhibit A**, by Defendant Deluxe Cosmetic on or around November 6, 2022.

### FIRST CAUSE OF ACTION

42. This paragraph requires no response.

43. Defendant HO denies the claims in this paragraph.

44. Defendant HO denies the claims in this paragraph.

45. Defendant HO denies the claims in this paragraph.

46. Defendant HO denies the claims in this paragraph.

47. Defendant HO denies the claims in this paragraph.

48. Defendant HO denies the claims in this paragraph.

49. Defendant HO denies the claims in this paragraph.

## AFFIRMATIVE DEFENSES

Without assuming any burden she would not otherwise bear, Defendant HO asserts the following defenses. Nothing in these defenses is intended to or shall be construed as an argument or admission that Defendant HO bears the burden of proof as to any matter raised in any of her defenses. Defendant HO reserves the right to assert additional defenses and to amend her Answer as additional information becomes known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE; INNOCENT INFRINGEMENT

As a First and Separate Affirmative Defense to the complaint and each claim for relief contained therein, Defendant HO alleges that any alleged infringements were innocent, namely, that Defendant HO had reasonable expectations that all material used in her work was properly licensed, or freely available stock photography published on websites and archives dedicated to royalty-free, permissionless content, and that her belief was reasonable at the time.

## SECOND AFFIRMATIVE DEFENSE: IMPLIED LICENSE

As a Second and Separate Affirmative Defense to the complaint and each claim for relief contained therein, Defendant HO alleges that her use of the any copyrighted materials claimed by

Plaintiff was done so under actual or implied license by their inclusion in certain online databases of royalty-free stock photographs and digital assets.

### **RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant HO presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses. Defendant HO reserves the right to assert additional affirmative defenses in the event discovery reveals that additional affirmative defenses are available.

WHEREFORE, Defendant HO respectfully prays for judgment as follows:

1. That Plaintiff take nothing by its Complaint and that judgment be entered in favor of Defendant HO.

2. That Defendant HO be awards its costs and attorneys fees incurred herein, and

3. That the Court grant such other and further relief as it deems just and proper.

Dated: April 29, 2024                                     Respectfully Submitted

/s/ Robert Reynolds
Robert Reynolds, (SBN 347068)
Klintworth & Rozenblat IP LLP
2045 W. Grand Ave., Ste B. PMB 84396
Chicago, IL 60612
Tel: 773-770-2554
Fax: 773-570-3328
Email: rreynolds@kandrip.com

Attorney for Defendant HO